## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| ISRAEL VILLANUEVA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. EP-19-CV-00232-FM-ATB |
| | § | |
| UNITED STATES OF AMERICA, JUSTIN | § | |
| RIBAULT, SCOTT NICKLIN, KELLY | § | |
| PIERCE, | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On this day, the Court considered "Defendant Justin Ribault's Rule 12(b)(1) Motion to Dismiss" ("Dr. Ribault's Motion") filed by Defendant Justin Ribault, M.D. ("Dr. Ribault") on December 18, 2019 (ECF No. 55) and "Federal Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment" ("Federal Defendants' Motion") filed by Defendants United States of America ("United States"), Scott Nicklin ("Nicklin"), and Kelly Pierce ("Pierce") (collectively "Federal Defendants") on January 7, 2020 (ECF No. 65). The matter was referred to this Court pursuant to the Standing Order referring prisoner civil rights cases to United States Magistrate Judges.

For the reasons set forth below, the Court **RECOMMENDS** that Dr. Ribault's Motion and the Federal Defendants' Motion be **GRANTED** as set forth herein.

## I. BACKGROUND[1]

On August 21, 2019, Plaintiff Israel Villanueva ("Villanueva") filed his "Motion for Leave to Proceed In Forma Pauperis" and his attached Complaint. (ECF No. 1). On August 26, 2019,

---

[1] While recounting the background, the Court addresses only the facts relevant to the immediate Report and Recommendation.

the Court granted Villanueva's Motion to Proceed In Forma Pauperis and his Complaint was thereafter filed. (ECF Nos. 2, 3). Dr. Ribault's Motion was filed on December 18, 2019, seeking dismissal of all claims asserted against him. (ECF No. 56). The Federal Defendants' Motion was filed on January 7, 2020, seeking dismissal of all claims asserted against the Federal Defendants. (ECF No. 65). To date, Villanueva has not responded to either Dr. Ribault's Motion or the Federal Defendants' Motion.

Villanueva is currently in the custody of the Federal Bureau of Prisons ("BOP") and is confined at FCI La Tuna ("La Tuna"). (ECF No. 1). In his Complaint, Villanueva alleges that during his confinement at La Tuna, the Defendants failed to properly diagnose and treat his infection in the months of May and June 2018. (ECF No. 3, p. 9-12). Villanueva contends that as a result of this improper treatment, he has suffered pain, anguish, and a permanent disability. (*Id*. at 12). Based upon this alleged improper treatment, Villanueva seeks to bring a Federal Tort Claims Act ("FTCA") against the United States for the actions of Nicklin, Pierce, and Dr. Ribault. (*Id*. at 13). Further, Villanueva seeks to bring a *Bivens*[2] claim for the violation of his Eighth Amendment rights against Nicklin, alleging in the Complaint that Nicklin was negligent. (*Id*. at 13-15). Villanueva also seeks to bring a *Bivens* claim for the violation of his Eighth Amendment rights against Pierce, contending that she was negligent, deliberately indifferent, and committed fraud and medical malpractice. (*Id*. at 13-14). Finally, Villanueva seeks to bring a *Bivens* claim for the violation of his Eighth Amendment rights against Dr. Ribault, asserting in the Complaint that Dr. Ribault was negligent, deliberately indifferent, and committed fraud and medical malpractice. (*Id*. at 13, 16).

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

## II.   LEGAL STANDARDS

### a.   Subject Matter Jurisdiction

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*per curiam*) (citing Fed. R. Civ. P. 12(b)(1)). "The party asserting jurisdiction 'constantly bears the burden of proof that jurisdiction does in fact exist.'" *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017) (quoting *Ramming*, 281 F.3d at 161). Further, "[w]hen ruling on the motion, the district court may rely on the complaint, undisputed facts in the record, and the court's resolution of disputed facts." *Id.* Finally, "[t]he motion should be granted only if it appears certain the plaintiff cannot prove any set of facts that would entitle [his] to recovery." *Id.*

When making "a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). This "factual attack" obligates the plaintiff "to submit facts through some evidentiary method . . . ." *Id.* Further, the "factual attack" places on the plaintiff "the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id.* When considering a "factual attack" to its jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *see Three Expo Events, L.L.C. v. City of Dallas, Texas*, 907 F.3d 333, 343 (5th Cir. 2018).

### b.   Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim upon which relief can be

granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* (citing *Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citation omitted). A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted).

If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Additionally,

"[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. However, "[n]othing in this rule requires that a party be given express notice by the district court that it intends to treat a motion to dismiss as a motion for summary judgment." *Mackey v. Owens*, No. 98-60758, 1999 WL 423077, at *2 (5th Cir. June 2, 1999) (per curiam) (unpublished). Further, "the simple act of placing matters outside the pleadings before the court provides adequate notice that a motion to dismiss may be converted into a motion for summary judgment." *Id*.

      c.     **Summary Judgment**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of fact exists when evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and a fact is material if it might affect the outcome of the suit." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (citation and quotation marks omitted). A "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *EEOC v. LHC Group, Inc.,* 773 F.3d 688, 694 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

If the moving party meets this initial burden, "the onus shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.,* 477 U.S. at 324). The Court must draw all reasonable inferences in favor of the nonmoving party and refrain from making credibility determinations. *Id*. (quoting *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007)).

## III.   ANALYSIS

The Federal Defendants contend that Villanueva's claims against them should be dismissed.   First, the Federal Defendants' Motion asserts that Pierce is entitled to absolute immunity because she is a commissioned officer in the United States Public Health Service ("USPHS").   (ECF No. 65, p. 6-7).   Second, the Federal Defendants' Motion contends that Villanueva failed to exhaust his administrative remedies and, therefore, both the FTCA and the *Bivens* claims against the Federal Defendants must fail.   (*Id*. at 7-12).   Third, the Federal Defendants' Motion asserts that Villanueva's Complaint fails to state a claim for relief against Nicklin because he is entitled to qualified immunity and because Nicklin was not deliberately indifferent to Villanueva's serious medical needs.   (*Id*. at 13-20).   Finally, the Federal Defendants' Motion contends that Villanueva fails to state a claim under the FTCA.   (*Id*. at 20-22). In Dr. Ribault's Motion, he contends that the Court lacks subject matter jurisdiction over all of the claims Villanueva asserts against him.

### 1.      Absolute Immunity from Suit for Pierce

The Federal Defendants' Motion contends that the "Court lacks subject matter jurisdiction over Plaintiff's claims involving Defendant Pierce because . . . she is entitled to absolute immunity."   (ECF No. 65, p. 6).   In support of this contention, the Federal Defendants' Motion includes the "Declaration of Kelly Pierce" ("Pierce Declaration"), wherein Pierce declares under penalty of perjury that she "ha[s] been a Commissioned Corps Officer with the United States Public Health Service since 2013" and that she is "currently assigned to the U.S. Department of Justice, Federal Bureau of Prisons (BOP), as the Health Services Administrator at the La Tuna Federal Correctional Institution in Anthony, Texas."   (*Id*.).

Title 42 U.S.C. § 233(a) "makes the FTCA remedy against the United States 'exclusive of any other civil action or proceeding' for any personal injury caused by a PHS officer or employee

performing a medical or related function 'while acting within the scope of his office or employment.'" *Hui v. Castaneda,* 559 U.S. 799, 802 (2010) (quoting 42 U.S.C. § 233(a)). In *Hui*, the Supreme Court held that "[b]ased on the plain language of § 233(a), we conclude that PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of such conduct." *Id.* Accordingly, the Supreme Court then reversed the denial of USPHS employees' motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Id.*

In this case, it is undisputed that Pierce is a USPHS employee. Further, all of Villanueva's factual allegations against Pierce relating to the medical treatment Villanueva received occurred in the course of Pierce's employment with the USPHS while she performed a medical or related function. (ECF No. 3, p. 12, 14). Accordingly, the Court finds that Pierce has absolute immunity from suit for the claims Villanueva asserts against her. "Thus, where an official is entitled to absolute immunity, that immunity bars the court's jurisdiction as to claims against that official so that dismissal is warranted pursuant to Rule 12(b)(1)." *Uptergrove v. United States*, No. CV F-08-0303 AWISMS, 2008 WL 2413182, at *5 (E.D. Cal. June 12, 2008) (citing *Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1976)). Therefore, the Court will recommend that all claims against Pierce be dismissed for lack of subject matter jurisdiction.

### 2. Exhaustion of Administrative Remedies

The Federal Defendants' Motion contends that Villanueva failed to exhaust his administrative remedies prior to commencing this action. (ECF No. 65, p. 7). Further, the Federal Defendants' Motion asserts that Villanueva's failure to exhaust his administrative remedies deprives the Court of jurisdiction over his claims. (*Id.*).

## A. Administrative Exhaustion of FTCA Claim

The FTCA "grants a limited waiver of sovereign immunity and allows tort claims against the United States." *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). However, "[a]n action cannot be brought against the United States for the negligent act of one of its employees 'unless the claimant shall have first presented the claim to the appropriate Federal agency.'" *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011) (quoting 28 U.S.C. § 2675(a)). Further, the presentment "requirement is a prerequisite to suit under the FTCA." *Id.* at 1030. Finally, "[t]he requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA." *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981); *see Life Partners*, 650 F.3d at 1028 (affirming dismissal for lack of subject matter jurisdiction); *Scott v. Willis*, No. EP-17-CV-339-DCG, 2019 WL 488924, at *4 (W.D. Tex. Feb. 7, 2019) (holding that the plaintiff did "not me[e]t his burden of showing the Court ha[d] the subject matter jurisdiction necessary to address his FTCA claims and the Defendants [were] entitled to dismissal.")

The Federal Defendants' Motion argues that "Plaintiff did not exhaust his administrative remedies as required under the FTCA. Because Plaintiff did not fulfill this jurisdictional requirement, this Court lacks subject matter jurisdiction to hear his claims, and Plaintiff's FTCA claims against the United States should be dismissed pursuant to Rule 12(b)(1)." (ECF No. 65, p. 10). In support of the contention that Villanueva did not exhaust his administrative remedies under the FTCA, the Federal Defendants' Motion includes the signed under penalty of perjury "Declaration of Autumn Norris" ("Norris Declaration") and attached database records.[3] (ECF No. 65-3). The Norris Declaration and attached records reflect that Villanueva has not filed an

---

[3] The Norris Declaration and attached database records were submitted in accordance with 28 U.S.C. § 1746.

administrative grievance or administrative tort claim during his time in the custody of the BOP. (*Id.*).

In his Complaint, Villanueva asserts that he "has complied with all prerequisites to a suit under the Federal Tort Claims Act." (ECF No. 3, p. 1). Despite this assertion, Villanueva has provided no evidentiary support demonstrating that he complied with the presentment requirements of the FTCA prior to filing suit. Accordingly, the Court finds that Villanueva has failed to exhaust his administrative remedies prior to filing his FTCA claim. *See Nottingham v. Finsterwald*, 582 F. App'x 297, 298 (5th Cir. 2014) ("[t]he [Magistrate Judge] found that [the plaintiff] did not file or attempt to file any grievances as he stated in his original complaint."). Therefore, the Court will recommend the dismissal of Villanueva's FTCA claim against the United States based on the Court's lack of subject matter jurisdiction.[4]

B.      **Administrative Exhaustion Pursuant to the PLRA**

The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust all available grievance procedures before filing suit." *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (citing 42 U.S.C. § 1997e(a)). The exhaustion "requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.'" *Id.* (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Additionally, "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001); *see Thompson v. Houston Fed. Det. Ctr.*, 598 F. App'x 295, 296 (5th Cir. 2015) (holding that the obligation to exhaust administrative remedies extends to plaintiffs "even when seeking [monetary] damages."); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Further, "[d]istrict courts have no

---

[4] The "United States [is] the only proper defendant under the Federal Tort Claims Act." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 185 (5th Cir. 1988). Therefore, to the extent Villanueva may be attempting to raise FTCA claims against any defendant other than the United States, those claims must fail.

discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  Finally, "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted."  *Id.*; *see Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019) ("The PLRA's exhaustion provision bars a prisoner's claim if the prisoner did not pursue all available administrative remedies before filing suit.").

The Federal Defendants' Motion contends that under the PLRA, the Court lacks subject matter jurisdiction over Villanueva's claims because he did not exhaust his administrative remedies as set out in 28 C.F.R. § 542.10 *et seq.*  (ECF No. 65, p. 11-12).  In support of this contention, the Federal Defendants once again rely on the Norris Declaration and assert that Villanueva "did not exhaust the administrative process."  (*Id.* at 12).

The Federal Defendants are incorrect in their assertion that a prisoner's failure to exhaust his administrative remedies deprives the Court of subject matter jurisdiction under the PLRA.  The exhaustion requirement prior to bringing suit under the FTCA is different than the PLRA's exhaustion requirement.  *See Mendoza v. United States*, 661 F. App'x 501, 502 (9th Cir. 2016) ("reject[ing plaintiff's] contention that exhaustion under the Prison Litigation Reform Act satisfies the requirement to exhaust under the FTCA.").  In *Dillon v. Rogers*, the Fifth Circuit addressed the PLRA's exhaustion requirement and concluded that "[e]xhaustion resembles personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute."  *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).  Further, "a prisoner's failure to exhaust administrative remedies does not deprive courts of subject matter jurisdiction in suits covered by the PLRA."  *Id.* at 271.  While the *Dillon* Court held that PLRA exhaustion is not jurisdictional, the *Gregory* Court held that FTCA exhaustion

goes to the Court's subject matter jurisdiction. *Dillon*, 596 F.3d at 271; *Gregory*, 634 F.2d at 203–04.

While a failure to exhaust does not deprive the court of subject matter jurisdiction, the *Dillon* Court recognized that the Fifth Circuit "ha[s] frequently approved of using summary judgment to address exhaustion and other affirmative defenses not enumerated in Rule 12(b)." *Id.* at 272. Accordingly, the Court will address the exhaustion of Villanueva's claims under the standard for summary judgment.

The Norris Declaration and attached database records show that Villanueva failed to exhaust his administrative remedies as required under the PLRA prior to commencing this action. (ECF No. 65-3). Villanueva alleges in his Complaint that he has administratively exhausted his claims, while simultaneously contending that he is not required to administratively exhaust his claims. (ECF No. 1, p. 1, 6). Despite the conflicting representations about exhaustion contained in his Complaint, Villanueva has not addressed, and the record is void of any evidence, that he filed a single grievance or fully exhausted any of the claims alleged in his Complaint.

Therefore, despite contending in his Complaint that he fully exhausted his administrative remedies, the Court finds that Villanueva failed to exhaust his administrative remedies for any claims against the defendants prior to commencing that action as required under the PLRA. *See Nottingham,* 582 F. App'x at 298 (5th Cir. 2014) ("[t]he [Magistrate Judge] found that [the plaintiff] did not file or attempt to file any grievances as he stated in his original complaint."). Accordingly, the Court will recommend that Villanueva's claims be dismissed for failure to exhaust administrative remedies.[5]

---

[5] Villanueva's Complaint makes passing reference to the Tucker Act and the Administrative Procedures Act. *See* (ECF No. 3, p. 6). However, the Complaint does not appear to be attempting to bring a claim against any defendants under those acts. Construing Villanueva's Complaint broadly, to the extent Villanueva may be attempting to bring claims under those acts, those claims should also be dismissed because of his failure to exhaust his administrative remedies as required by the PLRA.

### 3. Other Arguments

The Federal Defendants' Motion further contends that Villanueva's Complaint fails to state a claim against Nicklin and fails to state a claim against the United States under the FTCA. (ECF No. 65, p. 13-21).

When a failure to exhaust is raised, "the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits." *Dillon*, 596 F.3d at 273. It is only after it is determined that a plaintiff has exhausted their administrative remedies that "the case may proceed to the merits." *Id*. Further, while construing the exhaustion requirement of the PLRA, the Supreme Court in *Woodford v. Ngo* identified the two main purposes served by requiring administrative exhaustion:

> First, exhaustion protects administrative agency authority. Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures.
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court. And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration.

*Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal citations, quotation marks, and alterations omitted); *see also Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("the primary purpose of a grievance is to alert prison officials to a problem."). Similarly, the purpose of the FTCA's exhaustion requirement "is to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Life Partners*, 650 F.3d at 1030 (internal quotation marks omitted).

As the Court has found that Villanueva failed to exhaust any of his claims as to any of the Defendants, and because of the strong emphasis placed by statute on a plaintiff's pre-suit

exhaustion before a judicial body addresses the merits of a plaintiff's claim, the Court expresses

no view on these other arguments raised by the Federal Defendants' Motion.

### 4.      Claims Against Dr. Ribault

In his Complaint, Villanueva seeks to bring a *Bivens* claim against Dr. Ribault, for

deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights.

(ECF No. 3, p. 16).  Dr. Ribault's Motion asserts that the Court lacks subject matter jurisdiction

over Villanueva's claims.

### A.      Dr. Ribault's Employment Status

In Dr. Ribault's Motion, he contends that he is "an internal medicine physician retained

through contract by MedCare Staffing, Inc. as an independent contractor."  (ECF No. 55, p. 1).

Further, Dr. Ribault asserts that he "is not currently and never has been an employee of the Federal

Government."  (*Id*. at 2).  In support of this contention, Dr. Ribault's Motion includes the

"Affidavit of Thomas K. Harbin" ("Harbin Affidavit") (ECF No. 55-1), as well as the "Affidavit

of Justin Ribault, M.D."  ("Dr. Ribault Affidavit") (ECF No. 55-2).  The Dr. Ribault Affidavit

explains that he was "retained as an independent contractor by MedCare . . . to provide medical

services at La Tuna."  (*Id*. at 1).  Further, Dr. Ribault submitted his timesheets to MedCare, was

paid by MedCare, and was provided liability insurance by MedCare.  (*Id*.).  Finally, "neither La

Tuna nor the Federal Bureau of Prisons controlled the method, manner, or outcome of [his] medical

treatments or diagnoses. . . . [He] used [his] own medical judgment to order prescriptions and refer

patients for specialist consultation."  (*Id*.); *see also Peacock v. United States*, 597 F.3d 654, 659

(5th Cir. 2010) (discussing the factors for determining a person's status as a federal employee or

independent contractor for purposes of the FTCA).  The Harbin Affidavit reinforces the contents

of the Dr. Ribault Affidavit.  Also included with the affidavits are the contracts related to Dr.

Ribault's employment by MedCare and the provision of care at La Tuna.  (ECF Nos. 55-1, 55-2).

Finally, Villanueva, by not responding to Dr. Ribault's Motion, appears to concede that Dr. Ribault was not an employee of the federal government. Accordingly, the Court finds that during the time period alleged in the Complaint where Dr. Ribault was providing medical care to Villanueva, Dr. Ribault was not an employee of the federal government.

**B.** *Bivens* **Claim for Deliberate Indifference**

In his Complaint, Villanueva contends that Dr. Ribault was deliberately indifferent to his medical needs and seeks to bring a *Bivens* claim against Dr. Ribault for the violation of his Eighth Amendment rights. (ECF No. 3, p. 16). Dr. Ribault's Motion contends that a *Bivens* action cannot be brought against him because he is not a federal employee. (ECF No. 55, p. 4). Further, Dr. Ribault's Motion asserts that Villanueva's "claim against Dr. Ribault fits the definition of a Texas health care liability claim." (*Id*.).

The Supreme Court has declined to extend *Bivens* to claims brought against privately employed individuals working in federal prisons. In *Minneci v. Pollard*, the Supreme Court considered whether to "imply the existence of an Eighth Amendment-based damages action (a *Bivens* action) against employees of a privately operated federal prison." *Minneci v. Pollard*, 565 U.S. 118, 120 (2012). In rejecting the existence of a *Bivens* action, the Supreme Court held that where:

> a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id*. at 131. The Supreme Court explained that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake. The existence of that alternative here constitutes a 'convincing reason for the Judicial

14

Branch to refrain from providing a new and freestanding remedy in damages.'" *Id*. at 125-26 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)) (internal citation omitted).

Unlike in *Minneci*, Dr. Ribault's private employer was not operating the prison facility, but instead the employer entered into a contract to provide a single physician for La Tuna. (ECF No. 55-1, p. 3-17). *Minneci* is instructive and based upon its reasoning and holding, other courts have held that there is not a *Bivens* action available against a physician who is not employed by the federal government and is instead a party to a contract to provide medical care to prisoners. In *Valdez v. Bureau of Prisons*, the Honorable Andrew W. Austin recommended that in the case of a doctor who had contracted with the federal government to provide podiatry services, "[a]s in *Minneci*, Plaintiff [could not] maintain a *Bivens* claim against [the doctor]." *Valdez v. Bureau of Prisons*, No. A-16-CV-695-LY, 2017 WL 3526672, at *8 (W.D. Tex. Aug. 16, 2017) (citing *Minneci*, 565 U.S. at 131) rec. *adopted* (ECF No. 70) (W.D. Tex. Sept. 13, 2017). Similarly, the Court in *McNally v. Inch* recommended that a *Bivens* claim be dismissed because the doctor was "privately employed and engaged by a private company, 'albeit not a company which ha[d] contracted to operate an entire prison facility but only to handle one aspect of the prison's operation. [The doctor was] still privately employed, and as such he [was] amenable to suit under state law.'" *McNally v. Inch*, No. 317CV00847CWRJCG, 2019 WL 4497276, at *4 (S.D. Miss. May 6, 2019), rec. *adopted*, 2019 WL 4482650 (S.D. Miss. Sept. 18, 2019) (quoting *McAdams v. Pelt*, No. 5:15-CV-312-MW-EMT, 2018 WL 7350348, at *3 (N.D. Fla. Dec. 3, 2018), rec. *adopted*, 2019 WL 653091 (N.D. Fla. Feb. 15, 2019)).

As Dr. Ribault was privately employed by a private company and contracted to provide medical care at La Tuna, he would be amenable to suit under state law for a healthcare liability

claim.[6]  Accordingly, the Court finds that Texas state law appears to "provide[] an alternative, existing process capable of protecting the constitutional interests at stake" and, therefore, Villanueva cannot maintain a *Bivens* claim against Dr. Ribault.  *Minneci*, 565 U.S. at 125-26 (internal quotation omitted).

### C.  State Law Claims

Dr. Ribault's Motion recognizes that Villanueva's "claim against Dr. Ribault fits the definition of a Texas health care liability claim." (ECF No. 55, p. 4).  Further, Dr. Ribault's Motion asserts that the "Court lacks subject matter jurisdiction as to Dr. Ribault because [Villanueva's] claim against Dr. Ribault sounds only in state medical malpractice law." (*Id.*).

"Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if it 'has dismissed all claims over which it has original jurisdiction.'" *Moon v. City of El Paso*, 906 F.3d 352, 360 (5th Cir. 2018) (quoting 28 U.S.C. § 1367(c)(3)).  As the Court is recommending the dismissal of Villanueva's federal claims, to the extent that Villanueva's claims relating to the medical treatment he received while in BOP custody in May and June 2018 are cognizable under state law, the Court will further recommend that the District Court decline to exercise supplemental jurisdiction over those claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that Villanueva has failed to exhaust his administrative remedies as required by the FTCA and the PLRA prior to filing suit for the medical care he received in May and June 2018.  The Court further finds that Kelly Pierce is entitled to absolute immunity from suit because she is a commissioned officer in the USPHS.  The Court also

---

[6] Dr. Ribault's Motion recognizes the possibility of a claim based upon Texas law.  *See* (ECF No. 55, p. 4) (Villanueva's "claim against Dr. Ribault sounds only in state medical malpractice law.").

finds that Dr. Ribault is not subject to suit under a *Bivens* theory because he was not employed by the federal government.

Accordingly, the Court **RECOMMENDS**:

- All claims against Kelly Pierce **BE DISMISSED for lack of subject matter jurisdiction** because she is entitled to absolute immunity from suit;

- Villanueva's FTCA claim **BE DISMISSED for lack of subject matter jurisdiction** because he failed to present his claim to the appropriate Federal agency;

- Villanueva's claims against the Federal Defendants **BE DISMISSED** because he failed to exhaust his administrative remedies as required by the PLRA;

- Villanueva's constitutional claims against Dr. Ribault **BE DISMISSED for failure to state a claim upon which relief may can be granted** because he is not amenable to suit under *Bivens*;

- The District Court **DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION** over Villanueva's state law claims, pursuant to 28 U.S.C. § 1367(c)(3), because the federal claims should be dismissed; and

- Villanueva's Complaint **BE DISMISSED**.

**SIGNED** and **ENTERED** this 13th day of March, 2020.

        **ANNE T. BERTON**
        **UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE</u>**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**